UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:14-CR-083 JD |
| | ) |
| ANTWON WILLIS | ) |
| ERICKA SIMMONS | ) |

## OPINION AND ORDER

During jury selection in this case, the defendants noted for the record that the venire, which consisted of 48 potential jurors, appeared to include only one African American. Counsel for Ms. Simmons argued on that basis that African Americans were improperly underrepresented on the venire, and moved to adjourn the trial and draw a new venire. The Court denied that motion in an oral ruling prior to swearing in the jury. For clarity of the record, the Court now sets forth and supplements its reasoning in a written order.

A claim that a particular group is underrepresented on the venire arises under the Sixth Amendment, which "secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross section of the community." *Berghuis v. Smith*, 559 U.S. 314, 319 (2010) (citing *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975)). As the Seventh Circuit stated in *United States v. Ashley*, 54 F.3d 311, 315 (7th Cir. 1995), "while this establishes a defendant's right to be tried by a jury selected from a fair cross-section of the community, it does not establish a right to a jury of any particular composition," and there is no requirement that a venire or jury mirror the general population. In order to establish a *prima facie* violation of the fair cross-section requirement, a defendant must establish three elements: (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the

number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Berghuis*, 559 U.S. at 319; *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

The first element is met here, as African Americans constitute a distinctive part of the community. *United States v. Phillips*, 239 F.3d 829, 842 (7th Cir. 2001). However, as to the second element, the defendants have not submitted sufficient information to show that the representation of African Americans in this venire is not fair and reasonable. As the Seventh Circuit recognized in *Ashley*, "a discrepancy of less than ten percent alone is not enough to demonstrate unfair or unreasonable representation of blacks on the venire." 54 F.3d at 314. Here, it appears that about two percent of the venire is African American, but without information about the racial composition of the community from which the venire was drawn, such as census data, the Court cannot find that this element has been met. *Duren*, 439 U.S. at 364 ("Initially, the defendant must demonstrate the percentage of the community made up of the group alleged to be underrepresented, for this is the conceptual benchmark for the Sixth Amendment fair-cross-section requirement."). Moreover, in *Phillips*, in which the Seventh Circuit addressed a similar challenge brought in this same division of the Northern District of Indiana, the court held that the defendants failed to meet this element even through zero of the forty-eight potential jurors on the venire were African American. 239 F.3d at 842 (relying on 1990 census data showing a 5.4% population of African Americans in this division).

Finally, as to the third element, neither defendant has given any reason to believe that any underrepresentation of African Americans in this venire "is due to systematic exclusion of the group in the jury-selection process." *Guy*, 924 F.2d at 706. The venire was drawn pursuant to the Jury Selection Plan for Grand and Petit Jurors for the Northern District of Indiana. In

2

promulgating that Plan, the District found that general election voter registration lists "represent a fair cross section of the community in this District." The Seventh Circuit has also held "that voter lists are not an improper source from which to draw a pool or jurors." *Ashley*, 54 F.3d at 314 (citing *Guy*, 924 F.2d at 707; *Davis v. Warden*, 867 F.2d 1003 1015 (7th Cir. 1989); *United States v. Koliboski*, 732 F.2d 1328, 1331 (7th Cir. 1994)). Thus, the Plan specifies that jurors for this Division shall be drawn at random from the voter registration lists of the eleven counties that make up the South Bend Division. The Plan also declares that "[i]t is the policy of this court that all litigants entitled to trial by jury shall have the right to grand and petit jurors selected at random from a fair cross section of the community in the District or division wherein the Court convenes," and states, "No citizen shall be excluded from service as a grand or petit juror in this Court on account of race, color, religion, sex, national origin or economic status."

Neither defendant has identified any aspect of this Plan that could satisfy the element that the Plan is systematically excluding any group from the jury selection process.[1] The defendants simply note that the venire in this particular case may underrepresent African Americans. However, as the Seventh Circuit stated in *Guy*, and has since reiterated, a defendant's "mere observation that there were no African-Americans on a panel that was drawn from a population containing African-Americans simply is not sufficient to demonstrate any systematic exclusion." 924 F.2d at 706; *see also Phillips*, 239 F.3d at 842 ("The mere observation that a particular group is underrepresented on a particular panel does not support a constitutional challenge."); *United States v. Tillman*, 80 F. App'x 520, 522 (7th Cir. 2003) (same); *United States v. Grose*, 525 F.2d 1115, 1119 (7th Cir. 1975) (same). The Court further notes that the Seventh Circuit has

---

[1] Unlike the composition of the particular venire, which counsel may not learn until the morning of trial, the question of whether particular groups are being systematically excluded from the jury selection process does not depend on any facts that could not be learned prior to trial.

previously rejected a challenge on this ground to this District's Plan. *Phillips*, 239 F.3d at 842. The Court therefore finds that the defendants have not met the third element, either.

Accordingly, the Court overrules the defendants' objection relative to the racial composition of the venire, and denies the request to summon a new venire from which to select the jury.

SO ORDERED.

ENTERED:  February 4, 2016

                                                  /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court