UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Case No. 3:14-CR-083 JD |
|  | ) |  |
| ANTWON WILLIS | ) |  |
| ERICKA SIMMONS | ) |  |

## **OPINION AND ORDER**

At the close of the government's case in chief, and again at the close of all evidence, both defendants at the trial in this case moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The Court denied those motions in oral rulings, and the jury later returned guilty verdicts for both defendants. For clarity of the record, the Court now sets forth its rulings in a written order.

Federal Rule of Criminal Procedure 29(a) governs motions for judgment of acquittal made after the government closes its evidence, or after the close of all evidence, but before submission to the jury. When a defendant moves for judgment of acquittal pursuant to Rule 29, the question the court must ask is whether evidence exists from which any rational trier of fact could find the "essential elements" of the crime beyond a reasonable doubt. *United States v. Hach*, 162 F.3d 937, 942 (7th Cir. 1998). The movant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government," and will grant the motion "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999). Thus, a Rule 29 motion is granted only if the record is devoid of evidence from which a jury could find guilt. *United States v. Pulido*, 69 F.3d 192, 205–06 (7th Cir. 1995).

Here, both defendants are charged with a single count of conspiracy to distribute over 100 grams of heroin. For the defendants to be convicted on that charge the government has to prove two elements: First, that a conspiracy to distribute heroin existed, as charged in the Indictment; and second, that each defendant knowingly became a member of hat conspiracy with an intent to advance the conspiracy. Here, the Court concludes that there is sufficient evidence to find that a conspiracy existed between Mr. Willis and Ms. Simmons to distribute heroin to others, and that each defendant knowingly became a member of that conspiracy with an intent to advance it.

Multiple witnesses, including Brittany LeMond, Matthew Fletcher, and Derrick Penwell, testified that they always called Mr. Willis to arrange their transactions, but that beginning in 2011 or 2012, it would sometimes be Ms. Simmons who would arrive at the site Mr. Willis specified to complete the transaction. Those witnesses testified that they would sometimes meet Ms. Simmons at the apartment in Hammond, and that other times they would meet her in parking lots or gas stations. Each time it would be Mr. Willis who would instruct the buyers where to go for the transaction, but on certain occasions it was Ms. Simmons who would arrive at that site with the amount of heroin requested by the buyer, and who would exchange the heroin for the money. Some of the buyers testified that they dealt with Ms. Simmons about once a week. Furthermore, Ms. LeMond and Mr. Penwell sometimes paid for their heroin with MoneyGram payments, and Mr. Willis instructed them to put the payments in Ms. Simmons' name. Again, it would be Mr. Willis who would arrange the transaction, and who the buyers would give the reference number for the MoneyGram to. But the MoneyGrams were all placed in Ms. Simmons' name, and she was the one who picked them up—for at least some of the payments, she would

have had to present a photo identification in order to receive the payment, and Ms. Simmons confirmed during her testimony that she picked up the MoneyGrams.

All of this shows that Mr. Willis and Ms. Simmons were working together towards the common end of distributing heroin. As the Seventh Circuit stated in *United States v. Speed*, 656 F.3d 714, 717 (7th Cir. 2011), in order to establish a conspiracy, "[t]he government must demonstrate an understanding—explicit or implicit—among co-conspirators to work together to distribute drugs to third parties." In *Speed*, the court found that the two individuals "were working together to make sales to a broader clientele" where one individual was responsible for providing the drugs, while another individual passed along the drugs and received payment. Likewise here, the evidence shows that Mr. Willis would arrange the transactions and likely provide the drugs, while Ms. Simmons would sometimes be responsible for distributing the heroin and accepting the payments. This sort of division of labor to complete sales, where two people work together on the same side of the transaction, is the essence of a conspiracy. *See generally United States v. Cruse*, 805 F.3d 795, 812 (7th Cir. 2015) ("Cooperation with a middleman is a conspiracy per se because the dealer and the middleman have agreed to work together to distribute drugs to third parties."). And because there was evidence that both Mr. Willis and Ms. Simmons made sales in both Indiana and Illinois, and that they also completed sales in Iowa, Minnesota, and Michigan, the evidence supports the charge that the object of the conspiracy was to distribute heroin in the Northern District of Indiana and elsewhere.

There is likewise sufficient evidence that both defendants knowingly joined the conspiracy with an intent to advance its objectives. As to Mr. Willis, his own admissions to law enforcement show that he knew that he was distributing heroin. The fact that he would have Ms. Simmons complete sales that he arranged suggests that he knowingly agreed with her to do so.

As to Ms. Simmons, there is also sufficient evidence that she knew that she was distributing heroin and intended to do so. According to multiple government witnesses, Ms. Simmons was present at transactions that Mr. Willis completed, and she completed many transactions on her own. Given the manner in which the transactions were completed, during which the parties would often throw bags or cigarette boxes into each other's cars, a jury could easily find that Ms. Simmons knew she was engaging in illicit activity. Officers also found heroin and other paraphernalia such as capsules and Dormin in Ms. Simmons' home. A box of capsules addressed to Ms. Simmons was also found during a search. Mr. Stevens is free to ask the jury to draw an opposite inference—that Ms. Simmons was unaware she was helping to distribute heroin—but the Court cannot do so on a Rule 29 motion, where it must construe the evidence in the light most favorable to the government. Likewise, Ms. Simmons' own testimony, during which she denied completing any heroin transactions herself and denied knowledge of Mr. Willis' activities, merely creates a credibility contest for the jury to resolve, and cannot justify a judgment of acquittal.

This evidence of the conspiracy as between Mr. Willis and Ms. Simmons is sufficient to support a conviction, and the government need not prove that the conspiracy also encompassed any of the other co-defendants. First, the superseding indictment only expressly identifies Mr. Willis and Ms. Simmons as the conspirators, so it is completely consistent with the indictment for the government to prove a conspiracy between those two defendants. Second, to the extent the superseding indictment charged a broader conspiracy, the government is permitted to prove a smaller subset of the charged conspiracy, so long as the conspiracy that is proven is encompassed in the one charged in the indictment. As the Seventh Circuit explained in *United States v. Wilson*, 134 F.3d 855, 865 (7th Cir. 1998), "a prosecutor may elect to proceed on a subset of the

4

allegations in the indictment, proving a conspiracy smaller than the one alleged," so long as that subset is also illegal. "If the conspiracy charged in the indictment includes the smaller conspiracy found by the jury, then the variance will not be fatal, since the indictment would have sufficiently notified the defendants of the government's accusations." *Id.*; *see also United States v. Leichtnam*, 948 F.2d 370, 376–77 (7th Cir. 1991) (noting that the government may prove a subset of a conspiracy charged in an indictment). Here, since the superseding indictment charged a conspiracy count with two named defendants, there is no possibility of unfair surprise that the government would seek to establish a conspiracy at least as between those two named defendants, even though the superseding indictment also alleged that they conspired "with other persons known and unknown to the grand jury." Therefore, the Court need not also consider whether a conspiracy existed with any of the other co-defendants, as there would be sufficient evidence to support a conviction even if those co-defendants had purely buyer–seller relationships with the two defendants.

Furthermore, overt acts are not an element of a conspiracy under 21 U.S.C. § 846. *United States v. Shabani*, 513 U.S. 10 (1994). Thus, as the Seventh Circuit discussed in *Leichtnam*, 948 F.2d at 377, the government need not prove any overt acts, even though the indictment actually specified a number of overt acts. Specifically, the court in *Leichtnam* stated, "if the indictment charges a conspiracy and lists overt acts, but it's not necessary to prove the overt acts to prove the conspiracy (as would be the case under 21 U.S.C. § 846), then jury instructions that do not demand proof of the overt acts do not impermissibly amend the indictment." *Id.* Thus, counsel's argument that the government must prove a conspiracy with the other co-defendants because some of the overt acts alleged involved acts by those co-defendants is inaccurate. The Court would also note in that respect that the majority of the overt acts alleged in the indictment relate

5

to Mr. Willis or Ms. Simmons, and thus could still be considered overt acts of a Willis–Simmons conspiracy.

Nor is it problematic that the conspiracy between Mr. Willis and Ms. Simmons did not last for the entire period charged in the indictment. The beginning and ending dates of a conspiracy are not elements of an offense, so again, the government can prove that the offense occurred in a shorter time period that is within the period alleged in the indictment. *United States v. Toliver*, 374 F. App'x 655, 658 (7th Cir. 2010); *United States v. Jackson*, 935 F.2d 832, 844 (7th Cir. 1991). Therefore, because there is sufficient evidence to support a conviction on Count 1 of the superseding indictment as to both defendants, the Court denies the motions for judgment of acquittal on that count.

The Court further finds that the evidence is sufficient to submit the question of drug quantity to the jury as to both defendants. For these purposes, a defendant is accountable for the drugs "involved in the entire conspiracy, not the smaller amount she personally agreed to distribute." *United States v. Dixon*, 527 F. App'x 524, 527 (7th Cir. 2013). Thus, a defendant is liable for the amounts involved in the agreement, and all amounts involved in acts by the coconspirators that were reasonably foreseeable, and that were during and in furtherance of the conspiracy. *United States v. Cruse*, 805 F.3d 795, 817 (7th Cir. 2015). Here, the evidence shows that during the time Mr. Willis and Ms. Simmons were part of a conspiracy, they were distributing hundreds of dollars of heroin a week to multiple different buyers. Some of those buyers used over a gram a day, every day, for extended periods, which would have very quickly topped 100 grams. With 0.1 grams of heroin in a capsule and with 14 capsules for $100, it would only take about $7,142 to equal 100 grams of heroin. Even the MoneyGram transactions alone, to which Ms. Simmons had a direct tie, involved over $18,000, which is more than enough to

meet the 100 gram threshold. Under these circumstances, a rational jury could find the existence of a conspiracy between Mr. Willis and Ms. Simmons and that the conspiracy involved over 100 grams of heroin. Therefore, the Court also denies the Rule 29 motions to the extent they seek to preclude a drug quantity finding by the jury.

SO ORDERED.

ENTERED: February 9, 2016

                                          /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court